PEOPLE of the Territory of Guam,
Plaintiff–Appellee,

v.

Veronica M. VILLACRUSIS,
Defendant–Appellant.

No. 92–10280.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 3, 1993 *.

Memorandum March 3, 1993.

Order and Opinion May 6, 1993.

Howard Trapp, Howard Trapp Inc., Agana, Guam, for defendant-appellant.

J. Andrew Artero–Boname, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before: ALARCON, RYMER and T.G. NELSON, Circuit Judges.

## ORDER

The memorandum disposition filed March 3, 1993, is redesignated as a per curiam opinion and will be published.

PER CURIAM:

Appellant Veronica Villacrusis appeals from the Appellate Division's affirmance of the Guam Superior Court's judgment of conviction upon her *nolo contendere* plea to importation of methamphetamines, in violation of Guam Code Annotated § 67.89.

This court has jurisdiction pursuant to 48 U.S.C. § 1424–3(c) and affirms.

## DISCUSSION

Villacrusis was the subject of a warrantless border search initiated at the primary inspection counter. The Customs Officer selected Villacrusis for a secondary search. At the secondary counter, National Guardsman John E. Polk began to conduct the search under the supervision of Customs Officer Edwin F. Torres. Torres assisted and doubled checked items that Polk removed from Villacrusis' baggage.

When Polk discovered a suspicious tin foil item, he immediately turned it over to

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Torres. Torres opened the tin foil, determined that it was a suspicious substance, and personally continued the search of Villacrusis' baggage where he discovered additional contraband.

Villacrusis contends that Congress has generally occupied the area in which 9 Guam Code Ann. § 67.89[1] operates, and therefore demonstrated an intent to preempt the Guam law under which she was charged. She relies solely on the dissent in *State v. Dunn*, 166 Ariz. 506, 803 P.2d 917, 923–25 (Ct.App. 1990) (Howard, J. dissenting), *cert. denied,* —— U.S. ——, 112 S.Ct. 94, 116 L.Ed.2d 66 (1991), which discussed the preemptive effect of Public Law 91–513, the Comprehensive Drug Abuse Prevention and Control Act of 1970.

■ Congress' intent to "supersede or exclude state action ... is not lightly inferred. The intention to do so must definitely and clearly appear." *Kelly v. State of Washington, ex rel. Foss Co.,* 302 U.S. 1, 12, 58 S.Ct. 87, 93, 82 L.Ed. 3 (1937).

■ Public Law Number 100–690, § 7604, 102 Stat. 4508 (1988), indicated an intent for Congress and the federal government to work with state and local governments to control drug problems, including border searches. The duties of the Commission created by the Act include consideration of "(6) cooperative ventures among Federal, State, and local levels; [and] (7) *methods to interdict illegal drugs at our borders,* to eradicate crops of illegal drugs, and cease the manufacture of illegal drugs...." Pub.L. No. 100–690, § 7604, 102 Stat. 4508 (1988) (emphasis added).

In addition, a purpose of the Comprehensive Drug Abuse Prevention and Control Act of 1970 was "to strengthen existing law enforcement authority." 1970 U.S.C.C.A.N. at 4566. We find neither Villacrusis' arguments nor the *Dunn* dissent persuasive. There has been no clear manifestation by Congress indicating an intent to preempt 9 Guam Code Ann. § 67.89. In fact, Congress has indicated that federal efforts are to be in addition to, not in place of, local law enforcement efforts.

■Villacrusis also argues that her Fourth Amendment rights were violated because the search was conducted by Polk, a National Guardsman, and not by a Customs Officer or a peace officer. We hold there was no violation. The secondary search was conducted in the presence and at the direction of a Customs Officer. When contraband was discovered, the supervising Customs Officer continued the search by himself. Although Polk did not have authority to conduct a customs search alone, his presence and assistance did not render the search invalid. Polk merely acted as a tool of the Customs Officer and was under the authority and direction of a Customs Officer. *See United States v. Alfonso,* 759 F.2d 728, 735 (9th Cir.1985) ("[i]t is sufficient that the search be executed under the authority and direction of those agencies having jurisdiction in safeguarding the borders").

We hold the secondary search was valid. The judgment of conviction is AFFIRMED.

---

1. 9 Guam Code Ann. § 67.89 states in relevant part: "(a) ... it shall be unlawful and punishable as a felony of the first degree to import into Guam any controlled substance...."